UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOEY CAULDER,
*Defendant-Appellant.*

No. 01-4145

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-00-65)

Submitted: February 15, 2002

Decided: March 11, 2002

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bridgett B. Aguirre, Fuquay-Varina, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joey Caulder appeals his conviction and 121-month sentence for conspiring to distribute methamphetamine. *See* 21 U.S.C. § 846 (1994). On appeal, Caulder contends his trial counsel's failure to seek a downward departure under *United States Sentencing Guidelines Manual* § 5H1.4, p.s. (2000) constitutes ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 690-91, 694 (1984). However, such a claim is not cognizable on direct appeal unless counsel's ineffectiveness appears plainly on the record. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not on its face demonstrate Caulder received ineffective assistance of counsel, we affirm.

In relevant part, § 5H1.4 states that "[p]hysical condition . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Nevertheless, "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." *Id.* Caulder argues the bilateral paresis he suffers as a result of a 1982 diving accident constitutes such an impairment, and thus that his attorney was ineffective for failing to seek a departure under this provision. However, the record on appeal does not conclusively demonstrate Caulder would have received such a downward departure had his attorney requested it. Accordingly, we reject Caulder's sole assignment of error on appeal. *See King*, 119 F.3d at 295.

In light of the foregoing, Caulder's conviction and sentence are affirmed, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*